**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KEITH KNIGHT | : | CASE NO: 3:04CV969 PCD |
| VS. | : | |
| HARTFORD POLICE DEPARTMENT and THE CITY OF HARTFORD and JOSEPH CROUGHWELL, DEBORAH BARROWS, and BRUCE MARQUIS | : | AUGUST 25, 2004 |

# AMENDED COMPLAINT

I. JURISDICTION

1. This case and controversy is based on a federal question arising pursuant to 28 U.S.C. §1331, in that it raises questions of discrimination and retaliation under 42 U.S.C. §1983 and §1985.

2. Venue is proper in the District of Connecticut as all parties are residents thereof and all actions occurred or had their effects in such District.

II. PARTIES

3. Plaintiff Keith Knight is an individual citizen resident in the Town of Bloomfield, County of Hartford, and State of Connecticut, who has been continuously employed by the Hartford Police Department since 1982.

4. Individual Defendants Joseph Croughwell (from 1995 through 2000), Deborah Barrows (Acting Chief of Police from 1998 to 1999), and Bruce Marquis (from 2000 to 2004) are all

former Chiefs of Police of for Hartford Police Department, of the City of Hartford, who oversaw, had knowledge of, were present at or took part in the action described herein.

5. Defendant Hartford Police Department was at all times relevant herein an institution acting as the agent of the City of Hartford for all matters pertaining to law and order in the City of Hartford.

6. Defendant City of Hartford was at all times a municipality within the State of Connecticut and the employer of Plaintiff and acted by and through the Hartford Police Department, an agency of said municipality.

III. FACTS

10. From 1982 until present and continuing, Plaintiff Keith Knight has been and is employed as a police officer by the City of Hartford, through the Hartford Police Department.

11. Keith Knight is a black male born on December 14, 1952.

12. In May of 1982, M. Knight graduated from the State of Connecticut Police Academy, whereupon he joined the Hartford Police Department as a police officer. Thereafter, he repeatedly and continuously sought promotion to the ranks of Sergeant and Lieutenant, and has continued in this effort without abatement since then.

13. The Municipal and Individual Defendants have, as a policy, consistently engaged in de facto resistance to racial integration of the upper ranks of the Hartford Police Department since before and after the decision in federal discrimination lawsuit known as Cintron v. Vaughn, United States District Court, Docket No. 13, 578 (D.Conn. June 21, 1973) mandating the hiring and promotion of minority employees in the Hartford Police Department. In fact, Defendants have

continually and successfully reduced the number of minorities hired, reducing the percentage of black officers from 15.4% in 1985 to 14.0% in 1999, and in the positions of Detective, Lieutenant, and Captain between 1985 and 2000, and until 2004 have avoided further promotion of minority employees, so that black detectives decreased in number from 14 to 11, black lieutenants decreased in number from 2 to 0, black captains from 3 to 0. All of this occurs in a community where black persons have a much higher population.

14. In 1997, while nine (9) or more positions of Sergeant remained unfilled, Defendants Joseph Croughwell, Hartford Police Department and the City of Hartford closed down promotion of personnel based on a 1995 Sergeant's Examination. This occurred when the next three persons in line for appointment were minority officers, and among them was Plaintiff Keith Knight.

15. Unknown to Plaintiff until recently, Defendants maintained a policy of allowing racially biased examinations to determine the outcome of the "objective" portion of the promotion examinations. The bias of the examinations was made explicit to Defendants by letter from Davey and Associates dated October 27, 1999, wherein the writers concluded that the 1998/9 Sergeant's Examination was racially biased. This occurred within the knowledge of Defendants Croughwell and Acting Chief Debbie Barrows.

16. On information and belief, the same racial prejudice was present in the 1995 written examination for the position of Sergeant.

17. Defendants Croughwell, Barrows, the Hartford Police Department and the City of Hartford not only took no action with respect to the 1998/9 Sergeant's Examination, they failed to disclose the contents of the letter and, on information and belief, tried to prevent the information in the letter from becoming known. Defendant Marquis also had knowledge of the letter and also took

part in preventing the information from becoming known. No attempt has ever been made to either inform minority examinees that they may have had lower results as a result of bias in the written examination or to make any attempt to rectify the situation for such persons.

18. Defendants have in addition maintained a policy of supplementing the written examinations for promotion with an oral examination conducted historically by senior officers of Hartford and other municipalities, who are white. This subjective examination is inherently racially biased, and, on information and belief, minority officers score less well on this test than do white officers.

19. In fact, in year 2000, while Croughwell and Marquis were Police Chiefs,, the Summary Recommendations of the Comprehensive Management Study of the Hartford Police Department, conducted by Carroll Buracker and Associates, found problems with oral examination of officers for promotion and made recommendations. Those recommendations have not been implemented, and this failure to so implement is part of a policy not to improve minority promotion.

20. A sergeant's examination was given in October , 2003, and, on information and belief, the biases inherent in the written examination and oral examination were not corrected for such examination.

21. Keith Knight took the Sergeant's Examination in 1995 and placed 54th overall. Despite the fact that nine or more positions remained open when the candidate placing 46th was reached, Defendants Croughwell, Hartford Police Department and the City of Hartford closed the list down. The negative effect of such action was felt solely by minority police officers, including Plaintiff Keith Knight.

22. Furthermore, the manner in which promotions from that list were closed down was inconsistent with the customary policies of the Hartford Police Department to extend examination results for promotions where positions yet remain to be filled.

23. Keith Knight took the 1998/9 Sergeant's Examination and placed 59th overall, despite his sense that he had correctly answered all of the oral questions. Until recently, Keith Knight was unaware of the bias in the examinations as further detailed above in paragraphs 15 and 19, *inter alia*.

24. Keith Knight again took the Sergeant's Examination in October, 2003, and placed 55th overall, despite being absolutely sure that he answered all oral questions correctly.

25. Most of the others (white police officers) who were promoted to Sergeant in 1997, have taken and passed the Lieutenant's Examination and have been promoted to the rank of lieutenant.

26. Since 2000, while Defendant Marquis has been Chief of Police, Keith Knight has been doing the work ordinarily assigned to a police Captain in the Hartford Police Department, viz., he oversaw the administrative duties and daily operation of the background unit, performs background checks and other tests, including polygraph tests, to determine fitness for promotion. Until last month, he reported directly to an officer having the rank of Captain. Other (white) officers who have worked above their grade for more than 90 days have been compensated and promoted to the grade in which they are actually working. This never happened for Keith Knight.

27. Keith Knight is a police officer with an unblemished record, who has received numerous awards and commendations for conduct in the course of his duties as a Hartford Police Officer.

28. Throughout all this period, the Hartford Police Department has never implemented affirmative action, has never appointed an affirmative action officer, and has never developed an affirmative action plan.

29. Keith Knight has advocated for equal treatment of minority police officers throughout his career at the Hartford Police Department and for the said Department to honor its obligations under Cintron v. Vaughn. On information and belief, this advocacy has been viewed as threatening to those in power, including Defendants Croughwell, Barrows and Marquis and instigated them to seek to keep Plaintiff from being promoted.

## IV. CAUSES OF ACTION

FIRST COUNT (Retaliation - Violation of the 14th Amendment of the U.S. Constitution and 42 USC §1983)

30. The action taken by Plaintiff described in Paragraph 29 was an action to protect himself from discrimination and was a protected action under federal law.

31. Defendants Hartford Police Department, City of Hartford Croughwell and Barrows deliberately placed Plaintiff low in the results of the 1998 examinations and Hartford Police Department, City of Hartford and Marquis deliberately placed Plaintiff low in the results of the 2003 examinations in violation of 42 U.S.C. §1983 in retaliation for his exercise of rights described in Paragraph 29 hereof.

SECOND COUNT (Retaliation - Conspiracy - 42 USC §1985)

32. Hartford Police Department, City of Hartford, Croughwell, Barrows and Marquis

acted in concert to effect the retaliation against Plaintiff described above in the First Count.

33. In so doing, Defendants acted as a conspiracy in violation of 42 USC §1985.

THIRD COUNT (Discrimination - Violation of the 14th Amendment of the U.S. Constitution and 42 USC §1983)

34. During the period of 1995 to present, black employees were targeted to be kept out of the upper ranks of the Hartford Police Department. This was a continuous act of discrimination, carried out in defiance of the mandates of Cintron vs. Vaughn.

35. Defendants' Hartford Police Department, City of Hartford, Croughwell, Barrows and Marquis's racially biased examination system, as well as their use of promotion "lists" which were shut down whenever Plaintiff and other minorities neared the top of the list, prevented Plaintiff from being promoted, in violation of his right to be free of racial discrimination pursuant to the 14th Amendment and 42 U.S.C. 1983, in furtherance of a concerted effort to reduce the numbers of black officers in the upper ranks.

FOURTH COUNT (Discrimination - Conspiracy - 42 USC §1985)

36. Defendants Croughwell, Barrows and Marquis and the City of Hartford acted in concert to effect the discrimination against Plaintiff described above.

36a. Defendants Croughwell, Barrows and Marquis all knew of the October 27, 1999 letter outlining the bias in the written examinations and acted in concert to conceal the contents of the letter.

37. In so doing, Defendants acted as a conspiracy in violation of 42 USC §1985.

FIFTH COUNT (Equal Protection Under the 14th Amendment of the U.S. Constitution and 42

U.S.C. §1983)

38. Plaintiff was entitled to equal protection of the laws, and in particular, he was entitled to a full, proper and racially unbiased examination for promotion.

39. In violation of Plaintiff's right to equal protection under the laws, Defendants Croughwell, Barrows, Marquis, the Hartford Police Department and the City of Hartford, knowing that the examinations were racially biased and being in power and authority to remedy that bias, deprived Plaintiff of his right to such unbiased examination..

40. In so acting, Defendants violated his rights of Equal Protection secured by the 14th Amendment to the Constitution of the United States and by 42 USC §1983.

SIXTH COUNT (Equal Protection Under the 14th Amendment of the U.S. Constitution - Conspiracy)

41. Further in violation of 42 U.S.C. §1985, Defendants Croughwell, Barrows and Marquis knowingly and wilfully engaged in a conspiracy to deprive Plaintiff of his rights as set forth in First through Fifth Counts above.

42. In furtherance of the conspiracy, Defendants Croughwell, Barrows and Marquis knowingly acted in concert to keep in place methods of examination known to be racially biased and to prevent the information contained in the October 27, 1999 letter from becoming known.

V. PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

1. Compensatory Damages.

2. Punitive Damages.

3. An Order mandating promotion to the level of Lieutenant.

4. Attorneys' Fees and costs.

5. Such other relief as this Honorable Court may deem fair and equitable.

JURY DEMAND

Plaintiff hereby requests that the issues in this case, other than issues arising in equity, be determined by a civil jury.

THE PLAINTIFF
KEITH KNIGHT

By ______________________________

Francis A. Miniter,
Attorney at Law
Miniter and Associates
100 Wells Street Suite 1-D
Hartford, CT 06103
860 560 2590
Fed. Id No. ct09566

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the undersigned counsel of record this ____ day of August, 2004:

Helen Apostolidis
Assistant Corporation Counsel
550 Main Street
Hartford, CT 06103

______________________________
Francis A. Miniter